LEAR, Judge.
Appellants, Thomas J. Dolci, Cockrell Corporation, and Hartford Insurance Company (Hartford) seek review of a jury verdict awarding $25,000.00 in damages to Debra Campbell for injuries sustained when the vehicle she was driving was struck by a truck driven by Dolci and owned by Cock-rell Corporation. Insurance on the vehicle owned by Cockrell Corporation was provided by Hartford.
The accident occurred as, or shortly after, Ms. Campbell turned from a private driveway onto a public road on which the truck driven by Dolci was proceeding.
Suit was initially brought during Debra Campbell’s minority by her father, William Campbell. On reaching majority, Ms. Campbell filed suit. The suits were consolidated for trial and on appeal.
Although the jury found that both parties were negligent, an award was made to Ms. Campbell based on the finding that Dolci had the last clear chance to avoid the accident.
Appellants first contend that the prejudicial effect of evidence as to prior traffic convictions outweighed its probative value and should, therefore, have been disallowed.
After allowing evidence as to prior convictions for impeachment purposes, the trial judge gave thorough and concise instructions as to the purpose of allowing such evidence and its inapplicability to the issue of negligence:
“... Prior conviction of a crime and the nature of the crime may be inquired into for impeachment purposes on cross-examination.”
See Middleton v. Consolidated Underwriters, 185 So.2d 307 (La.App. 1 Cir. 1966).
*1089 Judge Bienvenu further included these, instructions to the jury:
“You cannot consider this evidence [of prior traffic convictions] of being evidence of whether or not he was negligent or not negligent in this accident or whether he caused this accident in question that we’re trying today or that he didn’t cause it. It’s not offered for that purpose; it’s just offered to attack his testimony [credibility] generally.”
See Ashley v. Nissan Motor Corp. in U. S. A., 321 So.2d 868 (La.App. 1 Cir. 1975).
We conclude that the trial judge properly allowed evidence as to prior traffic convictions and that the possible prejudicial effect of that evidence was minimized by instructions to the jury.
Next, appellants argue that the jury erred in finding that Dolci had the last clear chance to avoid the accident.
It is well established that the reviewing court must give great weight to factual conclusions of the trier of fact, and before a finding can be disturbed, the record must reveal that it was clearly wrong. Areenaux v. Domingue, 365 So.2d 1330 (La. 1978).
The testimony supports the conclusion that Dolci discovered Ms. Campbell’s peril and could have avoided the accident with the exercise of ordinary and reasonable care. See: Mitchell v. Sigrest, 345 So.2d 141 (La.App. 1st Cir., 1977).
This conclusion is supported by testimony which indicates that Dolci was speeding at the time of the accident. He was also driving in the center of the road.
Expert testimony indicated that if Dolci had stayed in the right lane, the accident could have been avoided. Expert testimony further indicated that if Dolci had applied his brakes when he first discovered Ms. Campbell’s peril, the accident could have been avoided. Thus we conclude that the jury had ample evidence upon which to find that Thomas J. Dolci had the last clear chance to avoid the accident. There is nothing in the record indicating that the jury was clearly wrong in its determination.
Last, appellants argue that the jury award of $25,000.00 was excessive and an abuse of discretion.
Before a court of appeal can disturb an award, the record must reflect a clear abuse of discretion in making the award. Beck v. Stevens, 373 So.2d 498 (La.1979).
Ms. Campbell sustained a collapsed lung and a cracked pelvic bone in the accident. She was hospitalized for nine days. During her stay in the hospital, a tube was inserted into her chest and she was cather-ized. Subsequent to her hospitalization, Ms. Campbell visited an orthopedic surgeon several times before being discharged.
In view of the injuries sustained, we conclude that the jury award was not excessive and that there was no abuse of discretion.
For the foregoing reasons, the judgment is affirmed at appellants’ costs.
AFFIRMED.